

## NUMBER 13-12-00701-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURGv

## IN RE BARRY DWAYNE MINNFEE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion Per Curiam[1]**

Relator, Barry Dwayne Minnfee, proceeding pro se, filed a petition for writ of

mandamus on November 15, 2012.[2]   The petition for writ of mandamus is unclear

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The Court has considered and dismissed or denied numerous other pro se original proceedings or pro se appeals filed by relator.  *See generally Minnfee v. Jackson*, No. 13-12-00508-CV, 2012 Tex. App. LEXIS 7465, at *2 (Tex. App.—Corpus Christi Aug. 31, 2012, no pet.) (mem. op. per curiam); *In re Minnfee*, No. 13-12-00337-CV, 2012 Tex. App. LEXIS 4230, at *4 (Tex. App.—Corpus Christi May 24, 2012, orig. proceeding) (mem. op. per curiam); *In re Minnfee,* No. 13-12-00313-CV, 2012 Tex. App. LEXIS 4419, at *4 (Tex. App.—Corpus Christi May 10, 2012, orig. proceeding) (mem. op. per curiam), *In re Minnfee*, No. 13-12-00183-CV, 2012 Tex. App. LEXIS 2253, at *4 (Tex. App.—Corpus Christi Mar. 21, 2012, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00579-CV, 2011 Tex. App. LEXIS 8024, at *4 (Tex. App.—Corpus Christi Oct. 6, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00569-CV, 2011 Tex. App. LEXIS 8023, at *4 (Tex. App.—Corpus Christi Oct. 5,

regarding the specific actions or orders complained of in this original proceeding, the identity of the respondent or the real parties in interest, or the nature of the extraordinary relief sought by relator.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Texas Rules of Appellate Procedure specify the required contents and form for an original proceeding. *See generally* TEX. R. APP. P. 52.3. In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities

2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee,* No. 13-11-00530-CV, 2011 Tex. App. LEXIS 6929, at **3–4 (Tex. App.—Corpus Christi Aug. 24, 2011, orig. proceeding) (mem. op. per curiam); *Minnfee v. Sweetin*, No. 13-11-00152-CV, 2011 Tex. App. LEXIS 4972, at **1–2 (Tex. App.—Corpus Christi June 30, 2011, no pet.) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00399-CV, 2011 Tex. App. LEXIS 4973, at **1–2 (Tex. App.—Corpus Christi June 30, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00368-CV, 2011 Tex. App. LEXIS 4498, at **1–2 (Tex. App.—Corpus Christi June 13, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00360-CV, 2011 Tex. App. LEXIS 4373, at **1–2 (Tex. App.—Corpus Christi June 9, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00429-CV, 2009 Tex. App. LEXIS 5836, at **1–2 (Tex. App.—Corpus Christi July 28, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00268-CV, 2009 Tex. App. LEXIS 5030, at **1–2 (Tex. App.—Corpus Christi May 18, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-108-CV, 2009 Tex. App. LEXIS 4933 (Tex. App.—Corpus Christi Apr. 2, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00108-CV, 2009 Tex. App. LEXIS 1559, at *1 (Tex. App.—Corpus Christi Feb. 27, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-08-00561-CV, 2008 Tex. App. LEXIS 7946 , at **1–2 (Tex. App.—Corpus Christi Oct. 15, 2008, orig. proceeding) (mem. op. per curiam).

and to the appendix or record." *See id.* R. 52.3(g).  Moreover, the relator must furnish an appendix and record sufficient to support the claim for mandamus relief.  *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The petition for writ of mandamus before the Court fails to meet the foregoing requirements.  The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not met his burden to obtain mandamus relief.  *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, we DENY the petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed this the
16th day of November, 2012.